OPINION. Disney, Judge: Our only problem here is whether the payments made by the petitioner were under a written instrument incident to divorce, or under a decree of divorce, -within the language of sections 22 (k) and 23 (u) of the Internal Revenue Code.[1] They were paid under an agreement of February 6, 1935, which nowhere mentions divorce. The decree makes no provisions for the payments; therefore we need not further consider it. Was the agreement “incident to such divorce”? (It is not contended that there was a legal separation so that element of the statute is eliminated.) The evidence is, in substance, that divorce was discussed between the parties, and that the wife agreed to divorce the petitioner, but that the agreement providing dor the payments did not mention divorce because the petitioner’s attorney felt that there was danger of a charge of collusion being brought. The divorce was not applied for or granted until more than a year and a half later. The petitioner contends that this was because of the expense which he was to bear. He did pay the expense of the divorce, about $450. At the time of the agreement he was earning $100 a week and had little other property. He was obligated to pay his wife $35 per week after September 1, 1935. The divorce decree does not mention the payments or impose alimony for the reason that under the complaint there was no issue in that respect, the complaint having alleged that there was no community property and that matters of support, maintenance, and child custody and maintenance had been settled by written agreement. In Joseph J. Lerner, 15 T. C. 379, there was, as here, a separation agreement providing for payments. The terms of the separation agreement were not incorporated in the divorce decree and the divorce, as here, made no provision for alimony payments. The decree was more than a year after the agreement. In holding that the petitioner’s payments were not deductible under sections 22 (k) and 23 (u) we noted particularly that neither at the time of separation nor during the negotiations culminating in the separation agreement was there any reference to or discussion of divorce by the parties. One paragraph of the instrument in that case provided that the obligation should continue during the life of the wife, unaffected by any decree of divorce, but this provision though discussed between the wife and her attorney was never discussed by him with the petitioner or his counsel before the execution of the separation agreement. In distinguishing Jessie L. Fry, 13 T. C. 658; George T. Brady, 10 T. C. 1192; and Thomas E. Hogg, 13 T. C. 361, we commented that they each contained facts which “indicated that a divorce was contemplated.” Here such contemplation of divorce appears. In the Fry case divorce was discussed, in addition to being mentioned in writing. In this case there was discussion of divorce between the parties, and the reason mention thereof was left out of the agreement was the possibility of charge of collusion. Under these circumstances it seems to us that the payments made under the agreement were incident to a divorce. It is true that divorce was not even applied for for about one and one-half years, but considering the earnings of the petitioner, his lack of property, and the amount he was obligated to pay to his wife we think the delay is reasonably explained. The Lerner case seems, in the reverse, more akin to this one than any of the several cases we have had on this general subject, which, being less applicable, need not here be discussed. The evidence there absent, as to discussion of divorce, is here present. Under the common connotation of the word “incident” we consider and hold that the agreement requiring the payments was incident to a divorce between the parties. We, therefore, conclude that the respondent erred in denying deductions of the payments made under such agreement, in the taxable years. Decision will be entered for the petitioners.